C. J. SWASEY ET AL. V. CHARLES GAY.

(No. 2221.)

APPEAL from Tarrant County.    Opinion by WHITE, P. J.

*(Transferred from Austin.)*

B. P. AYRES, counsel for appellants.

F. M. BRANTLEY, counsel for appellee.

§ 226. *Damages; profits, when recoverable as; case stated.*    One Cotton sued out an injunction restraining appellee Gay from infringing a patent-right to a certain lamp, and reflectors and collars for the same, by making and selling the same.    Appellants Swasey and Anderson became sureties for Cotton on his injunction bond.    On motion of Gay the injunction was dissolved, and Gay then brought this suit upon said bond to recover damages sustained by him by reason of said injunction, and recovered judgment for $86.40.    He claimed as damages: 1. Loss by being restrained from selling fifteen dozen lamps, $30.    2. Loss from being restrained from selling seven dozen lamps, $77.    3. Loss from being restrained from selling collars for lamps, $24.    He alleged that said Cotton was a transient person and insolvent, and prayed for no judgment against him.    Appellant submits the following propositions: 1. " Profits to be made by the sale of the goods are not recoverable, the measure of damages being the depreciation in the value of the goods from the date of the service of the injunction until the day it was dissolved.    2. The loss of goods or the profits to be made thereby are not recoverable in damages."    *Held:* It is a rule well settled that speculative, imaginary and hypothetical profits are too remote to be the basis of legitimate claim.    [Still v. Paschal, 41 Tex. 640; De la Zerda v. Korn, 25 Tex. Sup. 188; W. & W. Con. Rep. § 437; 2 W. Con. Rep. § 283.]    But to this rule there are exceptions, as where under a contract

labor is to be performed from which profit is to spring as the direct result of the work to be done at a stipulated price, and one party is prevented from earning such profits by the wrongful act of the other. [W. & W. Con. Rep. § 848; R. R. Co. v. Shirley, 45 Tex. 357.] And so profits in a business are recoverable if the *data* of estimation are so definite and certain that they can be reasonably ascertained by calculation. [2 W. Con. Rep. § 405; Field on Dam. 385.] "If there be any such rule as that loss of profits constitutes no ground or element of damages, it is not a universal rule nor a general rule. There are numerous cases, even for breach of contract, in which profits have been properly held to constitute not only an element, but the measure of damages. When it is advisably said that profits are uncertain and speculative, and cannot be recovered when there is an alleged loss of them, it is not meant that profits are not recoverable merely because they are such, nor because profits are necessarily speculative, contingent and too uncertain to be proved; but they are rejected when they are so; and it is probable that the inquiry for them has been generally proposed when it must end in fruitless uncertainty; and therefore it is more a general truth than a general principle that a loss of profits is no ground on which damages can be given." [3 Sutherland on Dam. 157.] And the same author says damages for loss of profits "are not remote to a wrong-doer who destroys or impairs a business open to his observation." [Id. 154.] And again, he says, "In actions for torts injurious to business, the extent of the loss is provable by the same testimony, and recovery may be had for such loss as is proved with reasonable certainty, and it is enough to show what the profits would probably have been. Certainty is very desirable in all cases in estimating damages, and when from the nature and circumstances of the case a rule can be discovered by which adequate compensation can be accurately measured, the rule should be applied to actions of tort as well as in those upon contract. The

law, however, does not require impossibilities, . . . and juries are allowed to act upon probable and inferential, as well as direct and positive proof." [Id. vol. 1, p. 121.] Our supreme court say, "If a man has been engaged in business for any length of time, he can form some estimate from his past earnings what its profits will be in the future. In such cases, if deprived of the faculty of pursuing the business, at least, by the tortious act of another, he can estimate his damages with something like certainty." [R. R. Co. v. Hill, 5 Tex. Law Rev. 207.] Applying the law to the facts of this case, we are of the opinion that the damages recovered are neither remote nor speculative, but that they were proper and legitimate. It is in evidence that when the injunction was sued out by Cotton he knew all about appellee's business, having been connected with it. When enjoined appellee had on hand for sale twenty-four dozen lamps and reflectors, which he could readily have sold at a net profit of $11 per dozen. He was selling three or four dozen per day when the injunction was sued out. Pending the injunction, he had an offer made him to purchase all the lamps, etc., he had on hand. It was proved that after the dissolution of the injunction appellee was unable to dispose of said goods, chiefly because said Cotton had deterred persons from buying the same of appellee by circulating reports that appellee had no right to sell the same, they being patented goods.

December 11, 1886.          Affirmed.